1  BENJAMIN B. WAGNER
   United States Attorney
2  KEVIN C. KHASIGIAN
   Assistant U. S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA  95814
4  Telephone:  (916) 554-2700

5  Attorneys for the United States

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,              | 2:12-MC-00097-JAM-AC

12 |            Plaintiff,

13 |      v.

14 | APPROXIMATELY $155,465.00 IN U.S.       | CONSENT JUDGMENT OF
   | CURRENCY,                               | FORFEITURE
15 |
   | APPROXIMATELY $57,550.00 IN U.S.
16 | CURRENCY,
17 | APPROXIMATELY $30,394.07 IN U.S.
   | CURRENCY SEIZED FROM WELLS
18 | FARGO BANK ACCOUNT NUMBER 377-
   | 8953722,
19 |
   | APPROXIMATELY $24,308.44 IN U.S.
20 | CURRENCY SEIZED FROM WELLS
   | FARGO BANK ACCOUNT NUMBER 858-
21 | 4465457,
22 | APPROXIMATELY $32,939.20 IN U.S.
   | CURRENCY SEIZED FROM IBERIA BANK
23 | ACCOUNT NUMBER 810075012,
24 | APPROXIMATELY $173,040.58 IN U.S.
   | CURRENCY SEIZED FROM WELLS
25 | FARGO BANK ACCOUNT NUMBER
   | 101024-3872974,
26 |
   | APPROXIMATELY $108,012.16 IN U.S.
27 | CURRENCY SEIZED FROM WELLS
   | FARGO BANK ACCOUNT NUMBER
28 | 101005-7465632,

1

1  APPROXIMATELY $12,857.25 IN U.S.
   CURRENCY SEIZED FROM WELLS
2  FARGO BANK ACCOUNT NUMBER 13172-
   83635153, and
3
   APPROXIMATELY $8,098.07 IN U.S.
4  CURRENCY SEIZED FROM WELLS
   FARGO BANK ACCOUNT NUMBER
5  3317008982596,

6
                    Defendants.
7

8       Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

9       1.      On May 24, 2012, the Drug Enforcement Administration (hereafter

10  "DEA") seized the following assets (hereafter "defendant assets") for federal

11  forfeiture:

12          a.   Approximately $155,465.00 in U.S. Currency;
            b.   Approximately $57,550.00 in U.S. Currency;
13          c.   Approximately $30,394.07 in U.S. Currency seized from Wells Fargo
                 Bank Account Number 377-8953722;
14          d.   Approximately $24,308.44 in U.S. Currency seized from Wells Fargo
                 Bank Account Number 858-4465457;
15          e.   Approximately $32,939.20 in U.S. Currency seized from Iberia Bank
                 Account Number 810075012;
16          f.   Approximately $173,040.58 in U.S. Currency seized from Wells Fargo
                 Bank Account Number 101024-3872974;
17          g.   Approximately $108,012.16 in U.S. Currency seized from Wells Fargo
                 Bank Account Number 101005-7465632;
18          h.   Approximately $12,857.25 in U.S. Currency seized from Wells Fargo
                 Bank Account Number 13172-83635153; and
19          i.   Approximately $8,098.07 in U.S. Currency seized from Wells Fargo
                 Bank Account Number 3317008982596.

20      2.      The DEA commenced administrative forfeiture proceedings, sending

21  direct notice to all known potential claimants and publishing notice to all others.  On

22  or about September 6, 2012, the DEA received claims from Robert Edward Mulready

23  ("Mulready") and Melissa Miller ("Miller") asserting an ownership interest in the

24  defendant assets.

25      3.      The United States represents that it could show at a forfeiture trial that

26  on May 4, 2012, an officer with the El Dorado County Task Force Mountain and

27  Valley Marijuana Investigation Team was notified that a drug dog had positively

28  alerted to a suspicious package at the FedEx shipping hub in Rancho Cordova,

                                    2
                                                    Consent Judgment of Forfeiture

California.  The package was addressed to "Bob Mulready" at 3450 Palmer Dr. #4-284, Cameron Park, California.  The package label listed the sender as "Nathan Lacorte" at 78 Crayton Rd. Asheville, North Carolina.  The package contained $14,330.00 in cash, a cellular telephone and a handwritten note;  the package was heavily taped, addressed by hand, sent FedEx Standard Overnight (paid for in cash), and contained onion potato chips, commonly used by narcotics traffickers to mask drug odors.  Investigators also learned that Bob Mulready was associated with drug activity at 3873 Destiny Lane, Shingle Springs, California, and that he has a criminal history consisting of multiple drug and drug paraphernalia charges in Florida.

4.      The United States could further show at trial that on the afternoon of May 4, 2012, El Dorado law enforcement officers went to 3450 Palmer Drive in Cameron Park, a UPS Store, where investigators learned that Melissa Miller of 1161 Kathy Lane, Placerville, California, was contracted for Box Number 284.  While officers were at the UPS Store, another package arrived for Mulready from Virginia.  This package was also heavily taped and a drug dog positively alerted to the presence of the odor of narcotics on the package; the officers opened the package and discovered $57,550.00 wrapped in carbon paper, a tactic commonly used to conceal bulk cash shipments from shipping authorities.  A note was also found in the package.

5.      The United States could further show at trial that on May 6, 2012, a state search warrant was executed at the 1161 Kathy Lane property.  Two rooms at the property had been converted into indoor gardens containing approximately 267 marijuana plants.  A further search of the property revealed a bubble hash machine, a food saver machine and bags, a scale, a safe, pay/owe sheets, and seven bundles of U.S. Currency with similar packaging as cash seized in the parcel addressed to Mulready.  Officers searched a silver Mercedes parked on the property and found $4,200.00 in U.S. Currency, seven bags of processed marijuana, clothing, personal toiletries, and Robert Mulready's passport.  In total, officers seized $155,465.00 in cash from the property.  Based on the information found at the 1161 Kathy Lane residence, a state seizure

Consent Judgment of Forfeiture

warrant was issued for the Wells Fargo Bank accounts and the Iberia Bank account.

6.      The United States could further show at a forfeiture trial that the defendant assets are forfeitable to the United States pursuant to 21 U.S.C § 881(a)(6).

7.      Without admitting the truth of the factual assertions contained in this stipulation, Robert Edward Mulready and Melissa Miller specifically deny the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Robert Edward Mulready and Melissa Miller agree that an adequate factual basis exists to support forfeiture of the defendant assets.  Robert Edward Mulready and Melissa Miller hereby acknowledge that they are the sole owners of the defendant assets, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant assets, Robert Edward Mulready and Melissa Miller shall hold harmless and indemnify the United States, as set forth below.

8.      This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

9.      This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which some of the defendant assets were seized.

10.     The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

11.     The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

12.     Upon entry of the Consent Judgment of Forfeiture, the following assets, together with any interest that may have accrued on those amounts, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to

4

Consent Judgment of Forfeiture

law:

- Approximately $155,465.00 in U.S. Currency;
- Approximately $57,550.00 in U.S. Currency;
- Approximately $30,394.07 in U.S. Currency seized from Wells Fargo Bank Account Number 377-8953722;
- Approximately $24,308.44 in U.S. Currency seized from Wells Fargo Bank Account Number 858-4465457; and
- Approximately $32,939.20 in U.S. Currency seized from Iberia Bank Account Number 810075012.

13.     Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, the following assets, together with any interest that has accrued on those amounts, shall be returned to potential claimant Melissa Miller through her attorney Joseph J. Wiseman:

- Approximately $173,040.58 in U.S. Currency seized from Wells Fargo Bank Account Number 101024-3872974;
- Approximately $108,012.16 in U.S. Currency seized from Wells Fargo Bank Account Number 101005-7465632;
- Approximately $12,857.25 in U.S. Currency seized from Wells Fargo Bank Account Number 13172-83635153; and
- Approximately $8,098.07 in U.S. Currency seized from Wells Fargo Bank Account Number 3317008982596.

14.     The United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant assets.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

15.     Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant assets and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

16.     No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules

Consent Judgment of Forfeiture

408 and 410(4) of the Federal Rules of Evidence.

17.     This settlement is contingent upon the simultaneous execution of the settlement agreement in the following related case: *U.S. v. Real Property Located at 1161 Kathy Lane, Placerville, California*, 2:12-CV-02286-TLN-JFM.  Failure to execute the settlement agreement in either action will void both settlement agreements.

18.     All parties will bear their own costs and attorneys' fees.

IT IS SO ORDERED.

DATED:  4/18/2013

/s/ John A. Mendez_____
JOHN A. MENDEZ
United States District Court Judge

## CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant assets.

DATED:   4/18/2013

/s/ John A. Mendez_____
JOHN A. MENDEZ
United States District Court Judge

6